Case No. 14-1479, Laura Waskiewicz v. Unicare Life and Health Insurance Company, Robert June, on behalf of Laura Waskiewicz, I would like to reserve time for rebuttal as indicated previously. This involves the proper interpretation of an ERISA plan, specifically the Ford Motor Company Salary Employees Disability Plan, and the issue is what do you do when an employee becomes disabled and then is terminated before applying for benefits. We believe that this quite specifically and properly. Section 604 of the plan has a provision that addresses reduced or terminated benefits. One of the provisions, subparagraph 2, says if the participant leaves the company for any reason other than disability, or if the participant is no longer a member of the eligible employee class. Does this apply to somebody who is already collecting benefits and set out rules? I don't believe that is true. I think it applies to, the term used there is coverage. Coverage will end on the date of termination, not benefits. They say coverage will end on the date of termination unless the participant is disabled on that date. Ms. Waskiewicz was disabled on October 25th, 2010. She satisfied on that date all of the criteria. She was an active employee, she was an employee, she was a covered employee, and she was a participant. From that day forward, she was eligible for benefits, notwithstanding this alleged termination, the retroactive termination that occurred. The Ford plan administrators clearly understood this. They understood that they needed to carve out an exception for severance plan participants. They had one exception for severance plan participants. In other words, if somebody was retroactively terminated under a severance plan, under this provision they would still be eligible for disability benefits, even though they took the severance. They amended the plan in 2008 to add in the rest of the severance plans and to say, if you are participating in any of these severance plans, then your benefits are terminated. Those are the specific exceptions to that rule. Otherwise, if you satisfy the criteria for eligibility on the date of disability, you remain eligible even though you are terminated subsequently. We have a time limit for when you have to request the benefits? There are different time limits in the plan now as to how they are enforced. Those weren't part of the issue here, but here we are dealing with a course. To the best of my knowledge, we are not. At least in the administrative record as we have it, we are not. This is consistent with the prior This is not her first disability claim. All of her disability claims follow the same pattern. Becoming disabled several weeks later, having an application for benefits, getting the documentation and having it approved. It is the same pattern each time, except for this one where they say basically, we are going back and saying that you were terminated on the day after your disability and therefore you are not eligible to apply for the benefits. Obviously, there are problems with that theory from just a contract point of view. If, for example, if we are able to cut off somebody's benefits under a contract by simply declaring them terminated, I think that we run into problems with unconscionability. We run into problems with being able to defeat performance. Do you argue unconscionability in your brief? No, I did not argue unconscionability in the brief. We run down that road, though. I don't think we have to get there because I think the term plans, I'm sorry, the plan terms are dispositive here. The argument against this seems to be one of, and maybe I jumped the gun there, because of the standard of review being arbitrary and capricious that basically any interpretation of plan terms goes. I don't think that's true under McCutcheon. Under McCutcheon, the Supreme Court has made it clear that we go through a contract analysis with regard to these plan terms. I think we have to couch it in those background contract principles in order to get anywhere. Here, I don't think the District Court managed to create an ambiguity to some extent by saying that although Ms. Waskevich may have been an active employee, she was not an employee. I don't know how you can reconcile those terms and say that she was both an active employee and not an employee at the same time. She's terminated. She's not an employee at all. Correct. We're not claiming that she has a right to get her job back when her disability ends. We're not challenging the termination in that way. Originally, the original attorney in this case did do that. We're not doing that. Do you agree that the literal terms of the contract require, or of the document, require that the application be made while she's an employee? No, I don't. I think that the time frame is one of when she is triggered by being an active employee. That is to say, once you're an active employee, you're eligible for these benefits. I think eligibility continues under Section 604. Do you have to apply while you're eligible? I mean by applying, I mean putting in the application papers. Do you have to do that while you're eligible? I think that you are eligible. Your answer is yes or no? Yes, in the sense that you have to be eligible, but I think you are eligible. You have to be eligible at the time that you apply, so that if you're instantly, once you become ineligible, you can't apply anymore with respect to the time that you were eligible? Well, I think the question puts the cart before the horse in a little way. I think you become eligible on the date of disability, and you don't lose eligibility until you become not disabled anymore. You don't lose eligibility if you are no longer an employee at the time you put in your claim, you're saying? That's correct under Section 604 of the plan. I think that that's exactly right. Would you be eligible to mean covered as it were? Coverage eligibility, yes. I think that those terms are used interrelatedly throughout. The coverage for benefits is terminated. If I'm covered against some kind of injury over a one-year period, and that period is an odd way of saying it, to say that I'm still eligible because I can sue over something that happened a long time ago, that just isn't the way I would use the words, but if that's the way you're using them, that makes sense, I guess. Well, let's turn it a different way. If termination automatically ended your right to claim benefits, there would be no point in having Section 604, paragraph 2. You wouldn't need it at all. It would be subsumed in the termination. So you're saying the status of being employed relates to when you're disabled, not relating and doesn't relate to when you actually file for the benefits. Correct. I believe that's the only way to interpret this plan correctly. If you have any other questions, I'm happy to answer them. I think that's basically... Pardon? You interpret what the district court said was in order to have your application be granted, when you make your application, you have to be employed. Correct. I think I interpret the district court as saying that even if you're disabled, if you are then terminated before submitting your application, you're ineligible to apply. And I believe that's incorrect. Thank you. May it please the Court. Good morning, Your Honors. My name is Tom Hetherington. I represent Unicare. It's a great privilege to be here today. There is no question under the terms of this plan that in order to file a claim for benefits, you have to be an employee. Where do you get that? At the time you file. At the time you file your claim for benefits. Where is that? Section 402 of the plan, Your Honor. Section 402 of the plan is entitled Filing a Disability Claim. And it says a covered employee, capitalized, must notify the claim processor and the company if the employee is absent for more than five days. You didn't rely on that. The district court did, Your Honor. The district court went through Section 402 and I relied on it in my denial letter when I referred to the definition of covered employee. Okay, so you're referring to covered employee, not the time. Right, right. I'm referring to the covered employee. You've got to be a covered employee to make a claim. That's the first paragraph of 4.02. Hold on for a minute. So, where is... You don't think she's a covered employee? She's not a covered employee. Section 2.08. 2.08? The definition is it's somebody who meets the participation requirements in 4.01. That's correct. Well what doesn't she meet in 4.01? She's not employed when she makes her claim. She's not a regular salary road employer. Where does it say you have to be an employee on the date you make your claim as opposed to the date you're injured? It says in 4.02, Your Honor. No, 4.01. 4.01 is the definition of a covered employee. 4.01 is just the definition of a covered employee. It says if you've worked at the company for six months... It's an eligibility to join the plan, right? Right, but you have to meet the participation requirements. You have to be a participant in the plan. She was. She was when she was working, certainly. But she's not when she's no longer working. She was terminated. She was fired from the company. Employers provide disability benefits for their employees. That's right, and she was employed when she was injured. Where do you get the idea? When it says a covered employee must notify the... When it says what a covered employee has to do, it's saying what somebody who is a participant in the plan has to do to get their benefits. The same way when it describes an employee, it's describing the type of employees, the type of person who's covered. Nowhere does it say that you have to be an employee at the time you make the claim, as opposed to the time you're injured. You're taking these terms, covered employee and employee, that are used to define certain people, and you're putting a temporal element on them that doesn't exist. If you'll permit me, Your Honor, if you look at the second paragraph of 4.02, it says to make a claim for a benefit under the plan, a participant shall file a disability claim. A participant is defined as a covered employee who meets all of the eligibility requirements of the plan. If you look at Section 3, which is the eligibility section, it says a covered employee. That's a prerequisite to number three. Must meet the following conditions, and then it lists the conditions. So if you look at the definition of employee, salary-rolled employee, covered employee, someone who's been there six months, participant, a covered employee who's also eligible, and you look at what it takes to make a claim, you have to be one of those people in order to assert a claim. But if you disagree with that, and you don't find it directly in the plan in that way, the way I read it, that's just prong one, being a covered employee at the time you make a claim. You also have to be eligible under Section 3 of the plan. And if you look at Section 3, the first prong is must be an active employee with a disability. That's the provision that opposing counsel argued below and in his brief, for the most part. But prongs two and four could never be met here. Prong two, which is what the district court said, is you must be an employee, which she is not. All right, now wait a minute. The heading is eligibility for benefits, as used in the plan, a covered employee. What else can the word employee in Division 2 mean other than a covered employee? Well, I think they're the same. She's not a covered employee at the time she's submitting a claim for benefits. She's not an employee. She's not employed by the company, Your Honor. Ford fired her. And what's really happening here is they're saying, well, they shouldn't have. I was disabled, and I couldn't come to work. But that's not an issue for me, the claims processor. My client is Unicare. I'm a claims processor. All I can do is interpret the language of the plan. Ford makes all employment decisions, and Ford tells Unicare she's terminated. She, this 401, I don't understand how you can say she's not a covered employee. Because when she joined the plan, she was salaried. You know, the two terms in 401, she meets. Why doesn't she meet 401? Tell me that. She's a covered employee while she's working at the company. Wait a minute, wait a minute. Doesn't 401 apply to how you join the plan? It doesn't say anything about staying in the plan. But it does because it's a condition. I'm having difficulty with it. As used in the plan, a covered employee must meet the following conditions. It's a prerequisite to eligibility. Yeah, to join the plan. Well, but this is eligibility for benefits, right? It doesn't talk about getting out of the plan. It's getting into the plan. Well, I think one way to understand it is to think of it the way your honor asked the very first question of opposing counsel, which is this argument about 604, which was not raised below or in the opening brief in this case. That argument essentially talks about the reduction or termination of benefits. OK, let's assume I agree with you. Let's get back to 401. Why she's not in it? I'm trying to answer your question just a different way. Benefits is defined in the plan as someone who's receiving income replacement, somebody who's on claim. If you're going to reduce somebody's benefits, you have to be on claim. You cannot get benefits and make a claim unless you're employed by the company. I mean, the company is providing a benefit to its employees. It chose to fire this person. I don't know why. I'm not taking issue rightly or wrongly. But it chose to fire her because she didn't show up for work. So I don't think she's a covered employee on the time she makes the claim because she's not employed. But whether you agree with me or not, if I could point you to sections two and four of section three, she must be an employee receiving appropriate care and treatment from a practicing physician and complying with a prescribed treatment plan. This person didn't go to the doctor until November 24. OK, let's try this. Go to two again with me, if you will, the one you're just talking about. Let's assume it reads this way. It's the way I read it. Must be a covered employee receiving appropriate care. If I'm right that she's a covered employee, she was receiving care. She wasn't, though. She was not receiving care on October 25. Who cares? So now you have to be receiving care at the very moment that you become disabled? Well, or within a reasonable time. This says that? It says you have to get your treatment within a reasonable time? Well, it does in section 4.02. Is that why you denied her? Because she didn't get her treatment in a reasonable time? I denied her claim because she didn't meet the requirements of the plan to be an employee because she wasn't employed when she made a claim. And I denied her because she didn't meet the eligibility requirements. And you can't point to anything in the plan that says she has to be employed on the date she filed the claim? I respectfully disagree with you. Well, point it out to us. Section 4.02, the second paragraph. She has to be a participant, a covered employee who meets the eligibility requirements when she files a claim. The section is entitled Filing a Claim. A covered employee. So if I'm right and you're wrong on whether she's a covered employee, then there's no date. A participant, which is the person that has to file the claim under 4.02, is a covered employee who also meets the eligibility requirements, Your Honor. So even if you're right about covered employee, it doesn't change the analysis. She's got to meet those requirements when she files a claim. That's what 4.02 says. But she can't meet them, which is the point I'm trying to make that seems to be getting lost. Even if she's a covered employee, if you don't believe that part of the district court's analysis, you have to look at section 2 and section 4. She has to be receiving treatment. And 4.01 does, Your Honor, talk about having to get proof of disability and within 21 days. This person had been disabled twice before. Had gone to the doctor on either the same day or the very next day in both instances. In this time, she doesn't go to the doctor until November 24th. That's a month later and after she had already been terminated. So she's not meeting the standard in section 2. Now I'm just getting confused. Are you saying that you're relying on another section or another disqualification other than that she was not employed at the time she made her claim? Yes. OK. And what is that? It's that she didn't meet the eligibility requirements. I understand. But in what way? Was it because she was not an employee or for some other reason? Both. She's not an employee and she's not receiving treatment. Not receiving treatment when? In accordance with a prescribed plan. When? She's not receiving treatment during the time period that she's an employee. OK. Thank you. But also look at section 4. Can I ask a question? I don't want to cut off your time. No, no, I'm done. I'd like to step back from the literal language of the plan and just see what kind of a plan a company might plausibly provide because it's a little hard for me to see if the plan is interpreted the way you interpret it, why a company or an employee, either one, would want that kind of plan. If you have employees who feed their families based on working for you and worry that something might happen to them and they may not be able to keep their job, and you have a company that doesn't want people that they have working for them who can't do the job. So even under the Americans with Disabilities Act, if you can't do the job, they can terminate you. And under most for-cause schemes, if you can't do the job, that's cause. So a company ought to be able to fire someone or terminate them if they can't do the job. But employees worry that something might happen to them. A car might drive into them or a rock might fall on them and they might not be able to work and provide for their families. So it makes sense that you would have some kind of insurance so that if they become disabled, can't do the job, and are terminated reasonably, that they would get a benefit to provide for that instance. Isn't that sort of the core of what disability insurance is all about? Yes or no? I'd say yes for the most part. All right, well let's assume that's for the most part what these things normally do. Now would it make sense to have such a provision where the company could very reasonably terminate you because by definition you can no longer do the job. A truck has run into you and yesterday you were hale and hearty, but now you're totally incapable of doing this job. Because of that, they terminate you. And because they've terminated you, because of the thing that you're insuring against, you don't get the benefits. That just seems contradictory. I think that's the problem that the court is having with this. And you can go through the language and you can say, well, that's what it plainly requires. But if it plainly requires that, it's plainly requiring something that's just sort of directly at odds with the whole idea, as far as I can tell, of this kind of a provision. Why would you have this kind of provision if the kind of core circumstance where this happens, it doesn't work? Two things, Your Honor. First, I represent Unicare. I'm the claims processor. I take employment information from Ford and interpret the plan. But Ford has said in this case that the committee at Ford always interprets this plan as requiring you to be employed at the time you make a claim. But you're saying it's always failing to provide the relief that most people would expect would come from such a provision, rather than sometimes. I don't care. Isn't it odd? Isn't it anomalous? Let me put it that way. Wouldn't it be really anomalous, or just all you have to say is it would be anomalous, to have a provision which doesn't provide what it seems to me any reasonable person, employer, or employee would expect it to provide, which is the benefit that you should get because you can no longer work for this company. Because something has happened to you. You no longer can do the job. It's happened suddenly to you. They're very reasonable to terminate you. You can't do the job. Terminate you. So we terminate you. It's not discrimination because you can't do the job. One of the requirements under the ADA is you can do the job. You can't do the job, by definition. You can't do the job. You terminate them. That's reasonable. What I can't get, I just can't imagine that the language of this, apart from going into 401.3 and all of these numbers, how it could conceivably have such a counterintuitive result. Now, are you going to say, yes, it's counterintuitive, go with the words, or are you going to say it's not counterintuitive, it makes sense somehow? Well, I think from my perspective, Your Honor, and I don't mean this to sound flippant, but it doesn't matter how, you know. How absurd it is. Yeah, how absurd it is. I'm the claims processor, and I have to interpret the plan. And my interpretation was reasonable, which is all that's required on this standard of review. And Ford, for whatever reason, and I can't get inside the head of Ford, has decided that you have to be employed when you make a claim. So if you went and asked them. It is true that that provision provides no solace to an employee who wants some assurance that if he can't do the job, he'll still be able to provide for his family. No assurance. No assurance because totally within the discretion of the company, that can be denied to him. True under a disability plan, but that employee does have the solace of knowing that if they're terminated improperly for their disability, they can seek relief, which is exactly what this case was. It's almost by definition proper. But if you're fired for your disability. So there's no solace. I understand that if I walk down the street and get hit by a truck, I won't be able to do the job tomorrow. What solace is it to me that I have no recourse because the company validly terminates me? That's no solace, is it? Well, I understand what you're saying. So what we're saying is. We're not insensitive. Well, I just wonder because what you're basically saying to all of the employees who are under this plan is we are telling you you have a disability plan, but it's totally at the discretion of the company for whatever reason they want to provide you no benefits under that, or to do something that will result in you providing no benefits under the plan. It just seems strange that we would read it that way. If you're not on claim when you're terminated. Yeah, well, that's what it would be if you're terminated. It's reasonable to terminate you because you've been disabled. It's a reasonable interpretation of what the language says, though, and it's what Ford does. They've signed an affidavit that says. An insurable event under this policy is disability, correct? Objective and clinical proof of it. That's a different defense. It is. I mean. That's not what's at issue here. This case is indistinguishable from my hypothetical about being hit by a truck, right? I mean, you're not arguing right now that she's not disabled. Well, I don't know if she's disabled or not. She's not disabled under the terms of the policy, for sure. I thought she was catatonic. Well, that's what her father said. Her doctor said she had no evidence of that. You don't have any contract medical evidence in the file. That's not the issue before us, though, right? That's not the issue before you, but it's one of the prongs of Section 3. You understand what our concern is. I do understand, and I get it, but at the same time, I'm a claims processor. My client's doing his job. Well, you need some guidance then, maybe, from the court. Then you would not. I take that back. Strike that. Yes, sir. Thank you. I'd just like to make two follow-up points, if I may. The emphasis on whether she was a covered employee is what makes Section 604, subparagraph 2, significant, because it speaks to coverage. It says coverage ends on the date of termination unless you're disabled on that date. Well, it's an interesting section because it refers to both coverage and benefits. Yes. Using both terms. Yes, I do. And I think that it shows that. The other thing I want to say is that if the hypothetical was true about the truck and being able to cut yourself, being able to be cut off by termination, and if Ford could, under the terms of the plan, simply terminate somebody and end their right to benefits, that would be true for severance plans terminations. That would be true for all sorts of terminations. They would not need to insert specific terms regarding severance plans, and they would not need Section 604. But it would be more sympathetic in those situations than it is here. Well, yes. And you can understand why they amended the plan to include those situations. Thank you, Your Honor. Thank you. Well, we appreciate the arguments. The case will be submitted. And I think, Your Honor, that's all we have today, so you may dismiss the Court.